[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a bench trial, defendant-appellant Rick Hampton was found guilty of possession of cocaine in violation of R.C. 2925.11(A). Hampton timely appeals the judgment of the trial court, challenging both the weight and the sufficiency of the evidence. The record reveals that, in the early evening of May 6, 1998, two police officers were riding around the Avondale area of Cincinnati in an unmarked police car. One of those officers testified at trial. He stated that, while stopped at a traffic light, he smelled marijuana coming from another car and observed the driver and passenger passing a "joint" back and forth. The officer testified that he and his partner followed the car until it stopped by a park. The officer further testified that, as he and his partner attempted to approach the stopped car, it sped off. The officer stated that, during the ensuing pursuit, he observed Hampton "lob" a package out of the passenger window. The officer recovered the bag, which appeared to contain crack cocaine, and then apprehended Hampton and the driver.
To reverse a conviction for insufficient evidence, we must be convinced, after reviewing the evidence in the light most favorable to the prosecution, that no reasonable trier of fact could have found the defendant guilty.[1] In reviewing a manifest-weight claim, we act as a thirteenth juror to determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2] Although Hampton denies throwing the bag out of the car window, we are persuaded by our review of the record that the evidence was sufficient to establish every essential element of the crime of possession of drugs and that the finding of guilt was not against the manifest weight of the evidence in its totality.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 546-547.